# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY D. WILLIAMS,

    *Plaintiff,*

vs.

    Case No. 16-3044-EFM-DJW

KRISTINE A. AULEPP, et al.,

    *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Anthony Williams, who is presently incarcerated, requests that the Court enter a temporary restraining order and/or injunction against Defendants. Specifically, Williams seeks an order enjoining defendants from transferring him to Federal Correctional Institution ("FCI") Beaumont in Beaumont, Texas, and to immediately send him within 500 miles of his release residence. After reviewing the parties' arguments and the evidence, the Court denies Williams' Motion for Immediate Temporary Restraining Order and/or Injunction (Doc. 56).

### I.    Facts and Procedural Background

Williams, proceeding pro se, filed his initial complaint on February 19, 2016, bringing twenty claims under the Federal Tort Claims Act ("FTCA"), *Bivens v. Six Unknown Named*

*Agents of the Federal Bureau of Narcotics*,[1] and 42 U.S.C. §§ 1985 & 1986 against eleven named defendants and the United States of America. On March 31, 2016, a screening order was entered pursuant to 28 U.S.C. § 1915A, which dismissed the majority of Williams' claims. Williams filed an Amended Complaint on November 18, 2016. Many of those claims were dismissed by a screening order filed on January 17, 2017. The order dismissed a number of defendants, including the United States of America, (FNU) Clark, Bureau of Prisons, Loretta Lynch, Charles E. Samuels, I. Connors, John Doe and Jane Doe. The only remaining defendants are: K. Aulepp, (FNU) Blevins, (FNU) Phelps, (FNU) Johnson, (FNU) Manily, (FNU) Stanley, (FNU) Witt, (FNU) Herbig, (FNU) Cruz, C. Maye, and (FNU) Lionhart.

The surviving claims are all brought under the FTCA, *Bivens*, and 42 U.S.C. §§ 1985 & 1986. Williams alleges that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment; his right to free speech was infringed upon, he was retaliated against for petitioning the courts, and he was denied access to the courts in violation of the First Amendment.

When Williams initiated this action, he was incarcerated at FCI Bennettsville in South Carolina. On April 10, 2017, Williams' address was updated to reflect that he was transferred to FCI Williamsburg in Salters, South Carolina. On June 19, Williams filed this present motion seeking an order enjoining defendants from transferring him to FCI Beaumont. But on August 22, Williams was transferred to FCI Beaumont before the Court had opportunity to rule on the motion. Although Williams' request for an order enjoining defendants from transferring him to

---

[1] 403 U.S. 388 (1971).

FCI Beaumont is moot, Williams has also requested an immediate transfer to a Bureau of Prisons ("BOP") facility within 500 miles of his release address.[2]

## II.  Legal Standard

"As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."[3]  The purpose of a preliminary injunction is "to preserve the status quo pending the outcome of the case."[4]  Whether to grant or deny a preliminary injunction rests within the discretion of the district court.[5]

To be entitled to a preliminary injunction, the moving party must demonstrate: (1) that the movant will suffer irreparable injury unless the injunction issues; (2) that the threatened injury to the movant outweighs whatever damages the proposed injunction may cause the opposing parties; (3) that the injunction, if issued, would not be adverse to the public interest; and (4) that there is a substantial likelihood that the movant will eventually prevail on the merits.[6]

---

[2] In his amended complaint, Williams states that his state of residency prior to incarceration was California. Williams did not provide his release address in his complaint, his amended complaint, or in this present motion. However, he did indicate that he "had a release address for the Southeast Region and was adversely changed to the Western Region against his will . . . ."  Williams then complains that he has not been able to see his children, wife or mother as a result of the alleged retaliatory transfers.  BOP's Southeast Region encompasses Alabama, Florida, Georgia, Puerto Rico, Mississippi, and South Carolina.  Accordingly, the Court will construe Williams' request to be for a transfer to a BOP facility in the Southeast Region.

[3] *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

[4] *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986).

[5] *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

[6] *Schrier*, 427 F.3d at 1258; *see also Resolution Tr. Corp. v. Cruce*, 783 F. Supp. 1309, 1310–11 (D. Kan. 1992).

### III. Discussion

"A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."[7] But the injunctive relief Williams is seeking is not of this character. Rather, Williams requests relief "with a matter lying wholly outside the issues in [his] suit."[8] Indeed, this motion names as defendants: "Mr. Thomas R. Kane (Acting Director), Ms. Judi S. Garrett (Acting Duty Director), John/Jane Doe (Designation and Sentence Computation), and the United States of America. But these defendants are not a part of this lawsuit, and many of the facts presented in this present motion were not mentioned in the amended complaint. And "[w]hen the movant seeks intermediate relief beyond the claims in the complaint . . . the court is powerless to enter a preliminary injunction."[9]

As mentioned in the screening order, Count XIII of the amended complaint makes "a broad claim of retaliation when plaintiff was transferred from FCL La Tuna in Texas to USP-Leavenworth" against Defendant Cruz.[10] In this present motion for injunctive relief, however, Williams raises new factual allegations. Namely, that Kane, Garret and John/Jane Doe are now conspiring to retaliate against Williams by transferring him from FCI Williamsburg to FCI Beaumont. Because Williams is seeking injunctive relief against new defendants for new

---

[7] *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).

[8] *Id.*

[9] *Hicks v. Jones*, 2008 WL 4489930, at *3 (E.D. Okla. 2008); *see also Stewart v. INS*, 762 F.2d 193, 198–99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which were alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]injunctive relief must relate in some fashion to the relief requested in the complaint.").

[10] The Court dismissed all of the other retaliatory transfer claims brought in the amended complaint.

claims—beyond those brought in the amended complaint—the Court cannot issue the requested preliminary injunction.

Even if Williams had confined his request within the scope of his amended complaint, his request would still be denied because Williams has failed to demonstrate a clear and unequivocal right to relief. First, Williams has not shown that he will suffer irreparable injury by being incarcerated in FCI Beaumont instead of a BOP facility in the Southeast Region. Williams seems to argue that this transfer harms him by making it more difficult for his family to visit him. However, the amended complaint establishes that he was a resident of California. And in his affidavit in support of the amended complaint, Williams complained that he was injured by a previous transfer to El Paso, Texas "hundreds of miles from FCI Terminal Island [in San Pedro, California] and from my mother and kids." It seems very likely that Williams' family resides in or around California. And because Beaumont, Texas is closer to California than any BOP facility in the Southeast Region, Williams has failed to articulate any harm whatsoever.

Next, Williams is not likely to succeed on the merits. The BOP is granted sole authority to designate the place of the prisoner's imprisonment.[11] "The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another."[12] "[I]ssues of prison management are, both by reason of separation of powers and highly practical considerations of judicial competence, peculiarly ill-suited to judicial resolution . . . courts should be loath to substitute their judgment for that of prison officials and administrators."[13] The deference given

---

[11] 18 U.S.C. § 3621(b).

[12] 18 U.S.C. § 3621(b).

[13] *Pitts v. Thornburgh*, 866 F.2d 1450, 1453 (D.C. Cir. 1989).

to prisoner transfer decisions and Williams' lack of an identifiable injury lead the Court to conclude that Williams is not likely to succeed on the merits.

Finally, "[g]iven the high deference given to the BOP's penological decisions, the Court cannot conclude that the balance of the equities tips in [Williams'] favor or that the public interest favors injunctive relief."[14]  Because none of the four factors weigh in favor of issuing injunctive relief, his motion fails on the merits as well.

**IT IS THEREFORE ORDERED** that Williams' Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction (Doc. 56) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 13th day of September, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] *Pinson v. U.S. Dep't of Justice*, 2017 WL 3726982, at *8 (D.D.C. 2017).