IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY D. WILLIAMS,**

    **Plaintiff,**

    v.                                                             **CASE NO. 16-3044-EFM**

**K. AULEPP, et al.,**

    **Defendants.**

### ORDER

Plaintiff, a federal inmate proceeding *pro se*, brings this action under the Federal Tort Claims Act, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,[1] and 42 U.S.C. §§ 1985 & 1986. He alleges defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment; and infringed his right to free speech, retaliated against him for petitioning the courts, and denied him access to the courts in violation of the First Amendment. This matter is before the court on plaintiff's motions to appoint counsel (ECF Nos. 80 and 84).

In civil actions such as this one, there is no constitutional right to appointed counsel.[2] The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.[3] In deciding whether to appoint counsel, the court must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's

---

[1] 403 U.S. 388 (1971).

[2] *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[3] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

ability to investigate the facts and present his claims."[4]  "The burden is on the [prisoner] to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[5]  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."[6]

Plaintiff's motions assert appointment of counsel is in the public interest because counsel would help ensure his case is not dismissed based on "confusion of legal theories or unfamiliarity with pleading requiremen[ts]," and thus would bring the actions of defendants to light.[7]  Plaintiff also asserts he is being denied access to the courts because he has been transferred to different prisons, he only has access to his legal materials four days a week, he has no space to draft motions, he is not provided postage to mail his legal papers, and his legal mail is not being processed correctly by prison officials.

The court has considered plaintiff's motions and concludes that this is not a case in which appointment of counsel is justified, at least at this juncture.  First, it is not clear that plaintiff's claims have merit; a motion to dismiss is pending.[8]  Second, the factual and legal issues in the case are not complex. The court has no doubt that the U.S. district judge assigned to this case will have little trouble discerning the applicable law.  Third, plaintiff has demonstrated the ability to investigate and argue his claims.  Despite his allegations that his access to the court has been denied, the record reflects plaintiff has filed numerous documents with the court, even since his transfer to the Federal Correctional Institution at Beaumont, Texas.  Finally, plaintiff's briefs

---

[4]*Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

[5]*Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill,* 393 F.3d at 1115).

[6]*Steffey*, 461 F.3d at 1223 (modifications in original) (quoting *Rucks*, 57 F.3d at 979).

[7] ECF No. 80 at 2.

[8] *See* ECF Nos. 71 & 72.

are cogent, and plaintiff appears capable of adequately presenting facts and arguments. The court therefore denies plaintiff's request for counsel. However, if the case survives defendants' motion to dismiss, plaintiff is given leave to file another motion for appointment of counsel if it becomes apparent that appointed counsel is necessary at that time.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order by the presiding U.S. district judge. Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order. If plaintiff does not timely file his objections, no court will allow appellate review.

IT IS THEREFORE ORDERED that plaintiff's motions to appoint counsel are denied without prejudice.

A copy of this order shall be mailed to plaintiff via regular mail.

Dated this 6th day of November, 2017, in Kansas City, Kansas.

> s/ James P. O'Hara
> James P. O'Hara
> U.S. Magistrate Judge