IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY D. WILLIAMS,

                Plaintiff,

v.                                     Case No. 16-3044-EFM

K. AULEPP, et al.,

                Defendants.

<u>ORDER</u>

Plaintiff, a federal inmate proceeding pro se, brings this *Bivens*[1] action alleging violations of his First, Fifth, and Eighth Amendment rights by federal agents at the United States Penitentiary in Leavenworth, Kansas ("USPL").  Plaintiff has filed a motion seeking permission to engage in discovery under Fed. R. Civ. P. 26(b) (ECF No. 79).[2]  In response, defendants have filed a cross-motion to stay discovery (ECF No. 92)[3] until their pending motion to dismiss is decided.  Because defendants have asserted they are entitled to qualified immunity on all of plaintiff's remaining claims, the undersigned U.S. Magistrate Judge, James P. O'Hara, finds good cause to temporarily stay discovery.

---

[1]*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing damages for injuries caused by constitutional violations by federal officers).

[2]For whatever reason, plaintiff filed an identical motion a few weeks later (ECF No. 89).  This duplicative motion is hereby deemed moot.

[3]Defendants' response to plaintiff's motion for discovery, in which defendants cross-moved for a discovery stay, is ECF No. 85.  Defendants later filed an identical document (save for its title) as a motion to stay discovery, which is ECF No. 92.

16-3044-EFM-79, 89, and 92.wpd          1

I.      BACKGROUND

Plaintiff filed this lawsuit on February 19, 2016, alleging constitutional violations related to his time at USPL.  Following two screening orders in which the court dismissed various claims and defendants, ten claims remain.  In these claims, plaintiff alleges defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment (Counts 6, 7, and 19); infringed his First Amendment right to free speech by retaliating against him for seeking the redress of grievances (Counts 8, 9, and 12); and violated the First and Fifth Amendments by retaliating against him for exercising his First Amendment rights by denying him access to the courts (Count 13), seizing religious property (Count 14), verbally assaulting him (Count 15), and manipulating his custody and classification levels (Count 16).

On September 11, 2017, defendants filed a motion to dismiss the ten claims remaining in this case.[4]  The motion to dismiss is currently pending before the Hon. Eric F. Melgren, U.S. District Judge.  The motion to dismiss argues the claims are barred by qualified immunity afforded the defendants.  In addition, the motion asserts alternate bases to dismiss certain claims, such as that the court lacks subject-matter jurisdiction over Counts 9, 12, 15, and 16 because plaintiff failed to exhaust administrative remedies.  Despite its posture as a motion to dismiss, rather than a motion for summary judgment, the motion referenced more than 400 pages of attached exhibits.

---

[4]ECF No. 71.

Perhaps fearing defendants' reliance on this extra-pleading evidence might lead the court to sua sponte convert the motion to dismiss to one for summary judgment (plaintiff repeatedly refers to the motion as "a motion to dismiss and summary judgment"), plaintiff filed the instant motion for discovery, leading to defendants' cross-motion to stay discovery. In addition, plaintiff filed a motion under Fed. R. Civ. P. 56(d) asking Judge Melgren to strike the motion or delay its consideration because plaintiff has not yet been permitted to conduct discovery that would allow him to adequately oppose it.[5]

II.   ANALYSIS

In support of their motion to stay discovery, defendants rely on the fact that their motion to dismiss raises the defense of qualified immunity. "The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials 'a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery.'"[6] "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[7] To be sure, there are limited occasions in which "narrowly tailored" discovery may be permitted if necessary to enable a district court to decide a

---

[5]ECF No. 88.

[6]*Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[7]*Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014).

qualified-immunity question raised by a motion,[8] but this is not one of those occasions.

Here, defendants asserted their qualified-immunity defense in a motion to dismiss, not a motion for summary judgment.[9]  In deciding a motion to dismiss, the court generally considers only the adequacy of the pleadings themselves, and will not look "to evidence outside the Amended Complaint."[10]  Thus, a plaintiff may counter a qualified-immunity defense raised in a motion to dismiss by "rest[ing] on facts as alleged in the pleadings."[11] Additional discovery will not assist plaintiff in responding to the motion to dismiss because, at this stage, Judge Melgren will not consider evidence.[12]  Because evidence will not assist plaintiff in responding to the pending motion to dismiss, staying discovery in light of the

---

[8]*Id.* at 1149.

[9]"Summary Judgment is the 'typical vehicle' for asserting a qualified immunity defense, but the Court will also review it on a motion to dismiss." *Bradley v. United States*, No. 16-1435-EFM, 2017 WL 4310224, at *3 (D. Kan. Sept. 27, 2017) (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)).

[10]*Id.* at *1 n.1; *see also id.* at *3 ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient to state a claim for which relief may be granted." (quoting *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003)).

[11]*Stonecipher*, 759 F.3d at 1148 n.9.

[12]*See Bradley*, 2017 WL 4310224, at *5 (declining to address on a motion to dismiss whether the second prong of the qualified-immunity analysis was satisfied because "both parties refer to documents outside the pleadings"); *see also Saenz v. Lovington Mun. Sch. Dist.*, No. 14-1005, 2015 WL 1906140, at *11 (D. N.M. April 6, 2015) ("[T]he only use that discovery could provide in responding to the MTD would be to allow [plaintiff] to more fully understand her claims and then amend the Complaint.  This is not an appropriate use of discovery in response to a qualified immunity defense.").

qualified-immunity assertion is appropriate.

The undersigned certainly does not wish to interfere with Judge Melgren's handling of defendants' motion to dismiss. After reviewing the motion and memorandum in support of the same, however, the undersigned notes that although some of defendants' qualified-immunity arguments raise legal questions that likely can be resolved without further discovery, other of the arguments raise factual issues about such things as defendants' states of mind/motives and the extent of plaintiff's injuries and medical conditions. Should Judge Melgren decide the need to reach these arguments, he might choose to convert the motion to one for summary judgment and permit plaintiff to submit proof of defendants' subjective states of mind and of plaintiff's claimed harms. Likewise, should Judge Melgren reach the issue of whether certain claims must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction because they were not exhausted, the Tenth Circuit has directed that the non-moving party "should be allowed discovery on the factual issues," even where the motion is not converted to a motion for summary judgment.[13] As noted above, plaintiff has filed a Rule 56(d) motion asking Judge Melgren to defer consideration of defendants' motion and to permit him to obtain discovery.[14] By this order, then, the undersigned stays discovery *only* until Judge Melgren has an opportunity to issue a ruling on plaintiff's Rule 56(d) motion.

---

[13]*Sizova v. Nat'l Inst. of Standards and Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002).

[14]ECF No. 88.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED that defendants' motion to stay discovery (ECF No. 92) is granted, and plaintiff's motion to engage in discovery (ECF No. 79) is denied.  The timing of discovery will be re-addressed after Judge Melgren decides plaintiff's Rule 56(d) motion.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion to review this order.  Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order.  If plaintiff does not timely file his objections, no court will allow appellate review.

IT IS SO ORDERED.

Dated December 7, 2017, at Kansas City, Kansas.

s/   James P. O'Hara

James P. O'Hara

U. S. Magistrate Judge
