IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY D. WILLIAMS,

                Plaintiff,

v.                                          Case No. 16-3044-JWB

K. AULEPP, et al.,

                Defendants.

ORDER

Plaintiff, a federal inmate proceeding pro se, brings this *Bivens*[1] action alleging violations of his First, Fifth, and Eighth Amendment rights by federal agents at the United States Penitentiary in Leavenworth, Kansas ("USPL"). Plaintiff has filed a motion asking the court to issue an order requiring all legal mail (including copies of filings by defendants and orders of the court) to be mailed by certified mail; or alternately, requiring prison personnel to open his legal mail in his presence and time-date stamp when the mail was received (ECF No. 117).

Plaintiff's motion is denied. First, plaintiff has not presented evidence that imposing the expense of certified mail on the court and defendants is justified or necessary to prevent injustice in this action. Plaintiff states that staff at FMC Devens do not adhere to a Bureau of Prisons policy requiring legal mail to be dated-time stamped and opened in the presence

---

[1]*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing damages for injuries caused by constitutional violations by federal officers).

of inmates.[2]  But plaintiff has provided no evidence in support of this allegation.[3]  Moreover, plaintiff's motion does not suggest that staff at FMC Devons has delayed giving him legal mail applicable to *this case* (as opposed to civil actions pending in other courts).  Plaintiff has not identified specific orders or filings made in this case that he has not timely received since being transferred to FMC Devons.  To the extent plaintiff vaguely alleges he has been unable to timely respond to motions or orders filed in this case, those concerns are the subject of other motions filed by plaintiff and pending before the presiding U.S. District Judge, John W. Broomes,[4] who will address them in a separate order (or orders).

IT IS THEREFORE ORDERED that plaintiff's motion for order requiring all legal mail to be certified; or alternately, requiring prison personnel to open his legal mail in his presence and time-date stamp when the mail was received (ECF No. 117), is denied.

───────────────

[2]*See* 28 C.F.R. § 540.19(a) ("Staff shall mark each envelope of incoming legal mail (mail from courts or attorneys) to show the date and time of receipt, the date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the letter.  The inmate may be asked to sign as receiving the incoming legal mail.  This paragraph applies only if the sender has marked the envelope as specified in § 540.18.").

[3]Plaintiff's motion references an "Ex. A" and "Affidavit/Declaration Exhibit A," but there are no such documents attached to his motion.  The court has found a "Affidavit/Declaration of Anthony D. Williams" and a "Declaration of A. Williams" in the record (ECF No. 108 at 1-5 and 8), but those discuss problems accessing his legal material at FCC Beaumont, not at plaintiff's current location of incarceration, FMC Devons.  Plaintiff's motion also references exhibits that it appears he filed in his other civil lawsuits pending outside this district, which are not of record in this case.

[4]*See, e.g.,* ECF Nos. 82-83, 101, 105-107, 112, and 116.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion to review this order.  Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order.  If plaintiff does not timely file his objections, no court will allow appellate review.

IT IS SO ORDERED.

Dated April 23, 2017, at Kansas City, Kansas.

s/   James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge